**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

HERMELINDO ESCOBAR MONTERROSO,

      Petitioner,

v.

                                      Case No. 1:26-cv-02359-MIS-KRS

MARKWAYNE MULLIN, Secretary of
Homeland Security, U.S. Department of
Homeland Security; DAVID
VENTURELLA, Acting Director, U.S.
Immigration and Customs Enforcement;
CHRISTOPHER MCGREGOR, Director, El
Paso ICE Field Office, U.S. Immigration and
Customs Enforcement; TODD BLANCHE,
Acting Attorney General of the United States;
and Warden, Cibola County Correctional
Center,

      Respondents.

## <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

THIS MATTER is before the Court on Petitioner Hermelindo Escobar Monterroso's

Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 2, filed July

22, 2026.  The federal Respondents filed a Response on August 6, 2026 ("Response").[1]  ECF No.

7, to which Petitioner filed a Reply on August 6, 2026, ("Reply"), ECF No. 8.  Upon review of the

Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

### I.      Background

Petitioner is a noncitizen from Guatemala who has resided in the United States for

approximately fifteen years.  Pet. ¶¶ 2, 5.  He is married and has four minor children, two of which

---

[1]      The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 3.  However, as has become customary in these cases, the Warden did not respond to the Petition.

are United States citizens. Id. ¶ 22. His eldest daughter, a 16-year-old noncitizen, entered the United States during the summer of 2025 and was taken into the custody of the Office of Refugee Resettlement. Id. ¶ 24. Petitioner has no criminal record, and has established strong ties in Takoma Park, Maryland community during his time in the U.S. leading various groups at his local family church. Id. ¶¶ 23, 26.

Nevertheless, in September of 2025, Petitioner was detained by immigration officials while attending a by-invitation meeting with the Office of Refugee Resettlement where he was told his presence would secure his daughter's release. Id. ¶¶ 32-40. It appears that he has been in detention ever since. See id. ¶ 43.

On July 22, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus, ECF No. 2, to which the Government filed a Response, ECF No. 7.

## II.      Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

**III.    Discussion**

Petitioner argues that his prolonged detention without a bond hearing has become excessive and violates the Fifth Amendment's Due Process Clause.  Pet. at 11-16.

In their Response, Respondents state they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case" and acknowledge that "the Court may then decide to grant the Petition and award appropriate relief."  Resp. at 1.  Further, Respondents state argue a bond hearing is the appropriate remedy in this case while providing no specific facts to suggest Petitioner represents a flight risk or danger to the community.  See generally Resp.

In Santillan Quiroz, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."  2026 WL 1876709, at *5.  That is precisely the situation presented by this case.  Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief.  Id. at *5, *16-17.

Additionally, and alternatively, the Court finds that Petitioner's prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026).  Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite, ongoing detention of over ten months, with no reasonably foreseeable end in sight, is constitutionally excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth

3

Amendment substantive due process rights, id.; see also Zadvydas v. Davis, 533 U.S. 678, 699-701 (2001); Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Novaes Pereira v. Ortiz, Case No. 1:26-cv-02158-MIS-GBW, 2026 WL 2110814, at *2 (D.N.M. July 22, 2026); Mardanpour, 2026 WL 963164, at *3-8; Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Marquez v. Warden, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 7. The Court further orders that Petitioner shall not be re-detained—absent a final order of removal—without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a). Finally, the Court retains jurisdiction to ensure compliance with its Order.

## IV.    Conclusion

Therefore, it is **HEREBY ORDERED** that:

1.    The Petition for Writ of Habeas Corpus, ECF No. 2, is **GRANTED**;

2.    Respondents are **ORDERED** to immediately release Petitioner Hermelindo Escobar Monterroso from custody/detention without restraints beyond those that existed before his unlawful detention;

3.    Respondents shall return all of Petitioner's seized belongings to Petitioner;

4.    Respondents **SHALL NOT** re-detain Petitioner—absent a final order of removal—without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a);

5.    The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE